IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT M. VOSBURG, JR., | |
| Plaintiff, | CIVIL ACTION NO. 3:11-cv-1624 |
| v. | (JUDGE CAPUTO) |
| WILLIAMS FIELD SERVICES CO, LLC and WESTERN LAND SERVICES LLC, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is a Notice of Removal by Defendants Williams Field Services Co, LLC and Western Land Services, LLC. (Doc. 1.) Because the notice of removal fails to establish that this Court has subject matter jurisdiction over the action, it will be remanded unless the Defendants can show that diversity jurisdiction is proper.

### I. Background

The Defendants removed this action from the Wyoming County Court of Common Pleas. The Notice of Removal alleges that Williams Field Services Co, LLC is "a Delaware Limited Liability Company with a principal place of business in Tulsa, Oklahoma" and that Western Land Services LLC is "a foreign corporation with its principal place of business in Ludington, Michigan." (Doc. No. 1 at ¶ 8-9)

### II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). Defendants allege that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear

cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3).

In this case, the Defendant's Notice of Removal fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of the Defendants. The Notice alleges that Williams Field Services Co, LLC is "a Delaware Limited Liability Company with a principal place of business in Tulsa, Oklahoma" and that Western Land Services LLC is "a foreign corporation with its principal place of business in Ludington, Michigan." (Doc. No. 1 at ¶ 8-9) These are the necessary averments to determine the states of citizenship of a corporation. *See* 28 U.S.C. § 1332(c)(1). However, LLC denotes not a corporation, but a limited liability corporation, and "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592

F.3d 412, 420 (3d Cir. 2010); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)) (affirming the "oft-repeated rule that diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of 'all the members'").

Here, the Notice of Removal fails to allege facts regarding the citizenship of the members of Williams Field Services Co, LLC.[1] As such, the Court cannot determine whether complete diversity of citizenship exists between the parties and the case is subject to remand. 28 USC § 1447(c); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009) ("Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand."); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

If the Defendants can show that diversity-of-citizenship jurisdiction exists, thereby saving removal, they will be permitted to do so pursuant to 28 U.S.C. § 1653. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts.").

### III. Conclusion

The Notice of Removal fails to show the existence of subject matter jurisdiction. The Defendants will be given an opportunity to amend their notice of removal if they can show

---

[1] The Notice of Removal Alleges that Defendant Western Land Services, LLC is in fact a corporation. (Doc. 1 at n.1) However, this does not alter the analysis in respect to Defendant Williams Field Services Co, LLC.

3

that diversity of citizenship jurisdiction exists. The Defendants will be given twenty-one (21) days in which to file an amended Notice of Removal. Failure to do so will result in this action being remanded to state court. An appropriate order follows.

August 31, 2011
Date

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALBERT M. VOSBURG, JR., | |
| Plaintiff, | |
| v. | NO. 3:11-CV-1624 |
| WILLIAMS FIELD SERVICES CO, LLC | (JUDGE CAPUTO) |
| and WESTERN LAND SERVICES LLC, | |
| Defendants. | |

### ORDER

NOW, this 31st day of August, 2011, **IT IS HEREBY ORDERED** that the Defendants are given leave to file an amended notice of removal within twenty-one (21) days from the date of this order. If the Defendants fail to do so, the action will be remanded to state court.

_____
A. Richard Caputo
United States District Judge